FILED

2023 May-08  AM 09:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**KENNETH STEWART,**

        **Plaintiff,**

**v.**

**INLAND BUILDING SYSTEMS,**

        **Defendant.**

**CIVIL ACTION NO.:
5:21-cv-1665-LCB**

### MEMORANDUM OPINION & ORDER

Kenneth Stewart filed a complaint in state court alleging that his former employer, whom he identified as Inland Building Systems,[1] unlawfully terminated his employment.  According to Stewart, he was terminated in violation of the Family and Medical Leave Act ("FMLA") nd the Families First Coronavirus Response Act ("FFCRA").   Stewart also alleged that Inland was both negligent and grossly negligent in its decision to fire him.   Inland removed the case to this Court and has moved for summary judgment on all counts.  (Doc. 15).   For the reasons that follow, the Court grants Inland's motion and dismisses the action with prejudice.

### I.   Jurisdiction and Venue

---

[1] According to the Defendant, its actual name is Schulte Building Systems, Inc., d/b/a Inland Buildings.  The Court will refer to the Defendant as "Inland" throughout this memorandum opinion.

Stewart initially filed this lawsuit in the Circuit Court of Cullman County, Alabama, and Inland removed it to this Court.  In its timely notice of removal, Inland asserted that this Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

The Court finds that it has jurisdiction under 28 U.S.C. § 1331 because at least two of Stewart's claims arise under federal law.  Section 1331 provides that the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   As noted, Stewart alleged that Inland violated two federal statutes when it terminated his employment: the FMLA and the FFCRA.   Because Stewart's claims arise under federal law, this Court has subject matter jurisdiction over those claims under § 1331.

Stewart's purported state law claims are alleged to have arisen out of the same set of allegations.   Therefore, to the extent Stewart has plead any state law claims, this Court has supplemental jurisdiction pursuant to § 1367(a), which provides in relevant part: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Venue is proper in this Court because Stewart initially filed his complaint in the Circuit Court of Cullman County, Alabama, which is located within the geographic embrace of the Northeastern Division of the Northern District of Alabama. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending.").

## II.    Undisputed Facts[2]

Stewart began working for Inland in 2017 as an at-will employee.   His at-will status was disclosed on his employment application, and it was described on multiple pages of Inland's employee handbook, which Stewart admits to receiving.   The employee handbook also explicitly stated that no contract of any kind was created or intended to be created between Stewart and Inland.   For his part, Stewart does not claim that there was an employment contract, nor does he assert that Inland otherwise guaranteed him a job.

While employed at Inland, Stewart developed attendance issues.   Between April 1, 2019, and December 31, 2019, he was late to work on 31 occasions. Between December 30, 2019, and December 2020, Stewart missed 23 days of work.

---

2 In its motion for summary judgment, Inland sets out the facts it contends are undisputed, and Stewart agrees.   *See* (Doc. 18 at 1) (stating in his response, "Plaintiff adopts herein, word for word, the Defendant's 'Statement of Undisputed Facts.'").

Between December 2019 and December 2020, Stewart was late 34 times.   Stewart acknowledged these absences and tardies during his deposition, and he agreed that they were inappropriate and violative of company policy.

On the morning of November 23, 2020, Stewart approached his supervisors and told them he believed his son had tested positive for COVID and that he should therefore be tested as well.   He left work and was seen by a doctor sometime later that day.   After Stewart told the doctor about his son's suspected infection and described symptoms of his own, the doctor instructed him to quarantine until December 3, 2020, and gave him a written excuse to that effect.

During the day on November 23rd, Stewart's supervisors stayed in contact with him via text message regarding the documentation he would need to provide in order to be paid that day.[3]   Inland informed Stewart that he would need to provide documentation of his son's positive test.   Stewart never did so, nor did he request time off in order to care for his son.   Rather, he requested time off based on his doctor's excuse.   In any event, Stewart did not submit any written requests for leave to Inland, did not inquire about FMLA leave, and did not ask for any FMLA paperwork.   Shortly after Stewart returned to work, he was terminated.   According to Rafael Gutierrez, Inland's Human Resource and Safety Manager, Stewart was

---

[3] A representative from Inland testified that the company's policy during the COVID pandemic was to pay employees if they or a family member were positive or if they were ordered to quarantine after an exposure.

terminated for his history of tardiness, his absenteeism, and the company's suspicion that he was being less than truthful about his latest absence.   According to Inland, Stewart's story about his son's COVID test was inconsistent as he occasionally told the company that it was his grandson who was positive as opposed to his son. Stewart also promised Inland that his wife would bring them all the necessary documentation, but she never did.

### III.   Inland's Motion for Summary Judgment

In its motion for summary judgment, Inland contends that there is no genuine dispute of material fact as to any of Stewart's claims.   First, Inland correctly argues that there is no cause of action in Alabama for negligent or grossly negligent termination as alleged in Counts II and III of Stewart's complaint.   Further, Inland asserts that the two federal statutes Stewart cited as a basis for Count I, the FMLA and the FFCRA, are inapplicable in this case.

### IV.   Legal Standard

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).   A fact is "material" if its resolution "may affect the outcome of the suit under the governing law."   *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1313 (11th Cir. 2007) (citing *Allen v. Tyson Foods, Inc.*, 121

F.3d 642, 646 (11th Cir. 1997)).   A dispute is "genuine" if under the evidence "a

reasonable jury could return a verdict for the nonmoving party."   *Id*. (citing *Mize v.*

*Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996)).

In deciding whether there is a genuine dispute as to a material fact, a court

must presume the nonmovant's evidence to be true and draw all reasonable

inferences in the nonmovant's favor.   *Allen*, 495 F.3d at 1313 (citing *Shotz v. City*

*of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003)).   "Credibility

determinations, the weighing of the evidence, and the drawing of legitimate

inferences from the facts are jury functions, not those of a judge, whether he is ruling

on a motion for summary judgment or for a directed verdict."   *Strickland v. Norfolk*

*S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) (quoting *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).   With these

principles in mind, the Court now turns to Inland's motion for summary judgment.

## V.   Discussion

### a. Stewart's claim that Inland violated the FMLA is due to be dismissed because Stewart did not suffer from a serious health condition and did not provide Inland with proper notice.

Under the FMLA, an "eligible employee" is entitled to up to 12 weeks of leave

during any 12-month period "[b]ecause of a serious health condition that makes the

employee unable to perform the functions of the position of such employee."   20

U.S.C. § 2612(a).   The statute defines "serious health condition" as follows:

> The term "serious health condition" means an illness,
> injury, impairment, or physical or mental condition that
> involves—
>
>> (A) inpatient care in a hospital, hospice, or
>> residential medical care facility; or
>>
>> (B) continuing treatment by a health care provider.

29 U.S.C. § 2611(11).  Applicable FMLA regulations demonstrate that common

illnesses, without more, are not typically considered serious health conditions:

> Ordinarily, unless complications arise, the common cold, the flu, ear
> aches, upset stomach, minor ulcers, headaches other than migraine,
> routine dental or orthodontia problems, periodontal disease, etc., are
> examples of conditions that do not meet the definition of a serious
> health condition and do not qualify for FMLA leave.

29 C.F.R. 825.113(c).  *See also, Barker v. R.T.G. Furniture Corp.*, 375 F. Appx.

966 (11th Circ. 2010) (affirming summary judgment for employer based upon the

plaintiff's failure to demonstrate a serious health condition simply based upon

medical treatment for depression and anxiety); *Blake v. City of Montgomery*, 492 F.

Supp. 3d 1292 (M.D. Ala. 2020) (granting summary judgment for employer based,

in part, on the plaintiff's failure to demonstrate that his "burn out or chronic fatigue"

qualified as a serious health condition). According to Inland, Stewart did not have a

serious health condition because, although he believed he had COVID symptoms,

his test was negative, and he was treated only for a cough and runny nose.

Stewart has put forth no evidence—or even an allegation for that matter—that

the cough and runny nose he was treated for constituted a serious health condition

that would qualify for FMLA leave.   In his response, he cites for the first time other federal statutes such as the Emergency Family and Medical Leave Expansion Act and the Emergency Paid Sick Leave Act.   (Doc. 18 at 9-10).   He also lays out the legal framework for an FMLA claim.   However, he does not rebut Inland's contention that his symptoms did not constitute a serious medical condition that would be covered under the FMLA.   Rather, he states that because his supervisors knew he was seeking leave and he thereafter obtained a doctor's note ordering him to quarantine, his termination was somehow improper.   This in no way presents a factual dispute as to whether Stewart had a serious medical condition that would qualify him for FMLA leave.

Additionally, the FMLA has certain notice requirements.   The Eleventh Circuit has noted:

> Generally, employees are required to provide employers with at least 30 days' notice before taking FMLA leave.   29 U.S.C. § 2612(e)(2)(B). When advance notice is not practicable because the need for leave is unforeseeable, the employee should give the employer notice as soon as practicable.   *Cruz v. Publix Super Markets, Inc*., 428 F.3d 1379, 1382 (11th Cir.2005) (citing 29 C.F.R. § 825.303(a))….   When "an employee's need for FMLA leave is unforeseeable, the employee need only provide [his] employer with notice sufficient to make the employer aware that [his] absence is due to a potentially FMLA-qualifying reason."   *Cruz*, 428 F.3d at 1382 (quotation omitted).   On the other hand, not all leave requested or taken for medical reasons qualifies for FMLA protection.   *Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir.2000).

*Lowery v. Strength*, 356 F. App'x 332, 333 (11th Cir. 2009).   "Although an

employee requesting FMLA leave need not expressly mention the Act, she must provide notice sufficient to make the employer aware of both the need for qualifying leave and its anticipated timing and duration." *Crawford v. City of Tampa*, 464 F. Appx. 856, 858 (11th Cir. 2012). The evidence here is undisputed that Stewart made no statements to Inland suggesting that he intended to apply for FMLA leave and that he made no inquiries about paperwork he would need to complete in order to get FMLA leave.

Stewart fails to point to evidence demonstrating that he had a qualifying medical condition or that he provided Inland with the requisite notice for FMLA leave. Because Stewart will not be able to meet those two elements of his FMLA claim, summary judgment is appropriate.

### b. Inland is not a qualifying employer under the FFCRA.

The FFCRA was enacted in response to the COVID-19 pandemic. Pub. L. No. 116-127, 134 Stat. 178 (2020). Among other things, the applicable regulations require certain employers to provide paid sick leave to its employees under certain circumstances. *See* 29 C.F.R. § 826.20(a)(1). Although Inland disputes that Stewart qualified for paid leave under the Act, its main argument is that it is not a covered employer under the Act. A covered "employer" under the FFCRA is one which employs "fewer than 500 employees." 29 U.S.C. § 2620(a)(1)(B). The undisputed evidence demonstrates that Inland employs well over 500 people. (Doc.

16-6 at 5-6).   Therefore, the FFCRA does not apply to Inland, and Stewart does not address this in his response.   As such, Stewart's claim thereunder is due to be dismissed as he can prove no set of facts that would entitle him to relief.

### c. Stewart's wrongful termination claims under state law are due to be dismissed because there is no such cause of action in Alabama.

Stewart titled Count II of his complaint "Negligence," and in it, he asserted that Inland breached a duty of care it owed to him when it terminated his employment.   Similarly, Count III, entitled, "Gross Negligence," alleged that Inland acted "recklessly and/or wantonly with gross negligence when it wrongfully and illegally terminated" his employment.   (Doc. 1-1 at 8).   According to Inland, there is no cause of action for negligent or grossly negligent termination under Alabama law.   In his response, Stewart does not address this argument at all. Instead, he appears to argue that the existence of his doctor's excuse somehow prevented Inland from lawfully terminating him.   That is incorrect.

As noted, Stewart does not dispute the fact that Alabama is an at-will employment state.   In *Ex parte Amoco Fabrics & Fibers Co.*, 729 So. 2d 336 (Ala. 1998), the Alabama Supreme Court stated:

> The bedrock principle of Alabama employment law is that, in the absence of a contract providing otherwise, employment in this state is at-will, terminable at the will of either party.   Under this doctrine, an employee may be discharged for any reason, good or bad, or even for no reason at all.

*Id*. at 339.   The only exceptions to this rule are situations in which there is a contract

of employment between the parties.   As noted above, Stewart does not contend that such a contract exists. Moreover, it is undisputed that Inland went to great lengths in its employee handbook to disclaim any type of employment contract.   Alabama law is clear that where an employee handbook expressly states that the policies do not create a contract and the employment is at-will, there is no contract that will support a claim for termination against company policy.   *See, e.g., Abney v. Baptist Med. Ctrs.*, 597 So. 2d 682, 683 (Ala. 1992), citing *Hanson v. New Tech., Inc.*, 594 So.2d 96 (Ala.1992).

In other words, as long as an employer does not terminate an employee for illegal reasons, such as discrimination or retaliation, it has not acted improperly. Stewart was terminated for attendance issues and Inland's suspicion that he was being dishonest about the circumstances of his latest absences.   Whether that suspicion was true is irrelevant.   Further, Stewart's doctor's excuse does not save his claim.   There is no exception to the at-will employment doctrine for an employee who has a doctor's excuse.

Therefore, the undisputed facts show that Stewart was not terminated for any illegal reason, and his claims that Inland violated a duty of care or acted recklessly when it fired him are completely meritless.   Summary judgment is therefore appropriate as to Counts II and III of Stewart's complaint.

**VI.   Conclusion**

For the foregoing reasons, Inland's motion for summary judgment (Doc. 15) is **GRANTED** as to all counts of Stewart's complaint.  Judgment is due to be entered for the defendant, and this case **DISMISSED WITH PREJUDICE**.  A final judgment will be entered separately.

**DONE** and **ORDERED** May 8, 2023.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE